UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN,

    Debtor.

_____

BARBRA DUGGAN,

    Appellant,

v.

SAMUEL D. SWEET, Trustee

    Appellee.

_____/

Case No. 19-11756
Hon. Denise Page Hood

Bankruptcy Case No. 12-32264

Adv. Proc. No. 19-03018

**ORDER DENYING APPELLANT'S MOTION TO
MODIFY/ALTER/AMEND INTERLOCUTORY ORDER REGARDING
WITHDRAWAL OF REFERENCE [#9]**

This matter is before the Court on a Motion for Reconsideration filed by Appellant Bankruptcy Defendant Barbara Duggan ("Appellant") filed September 5, 2019. [ECF No. 9] On August 22, 2019, the Court entered an Order Denying Motion to Withdraw Reference and Administratively Closing Case. [ECF No. 8]

1

## II. LEGAL ANALYSIS

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at re consideration, not initial consideration")(citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Appellant argues that this Court erred by not applying "controlling precedent." Appellant asserts that her claim for breach of fiduciary duty and waste is a state law claim that must be considered a non-core proceeding, that should not be heard by a bankruptcy court. In support of Appellant's argument, Appellant

misconstrues various portions of this Court's Order Denying Motion to Withdraw Reference and Administratively Closing Case. [ECF No. 8] The Court finds the Appellant has failed to demonstrate that the Court was misled by a palpable defect in issuing its prior Order.

Appellant first argues that the Court erred by applying a heightened pleading standard. Appellant's original Complaint only alleged a breach of fiduciary duty under 11 U.S.C. § 704. The Court emphasized this in its previous Order, and Appellant now claims that Federal Rule of Civil Procedure 8 only requires a "short and plain statement."

Appellant argues that the Sixth Circuit and Rule 8 only require a "short and plain statement of a claim." *In re McKenzie*, 716 F.3d 404, 419 (6th Cir. 2013). Appellant continues by arguing that the federal rules allow for alternative pleading. However, it is not the Court's job "to stitch together cognizable claims for relief" and parties must provide some notice that they are alleging state law claims. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Appellant argues that—despite its pleadings—the Court erred by failing to construe its federal claim as a state law claim. The only complaint of record references a breach of fiduciary duty claim arising under the federal law 11 U.S.C. § 704. Appellant should have followed the Federal Rules of Civil Procedure to amend her Complaint if Appellant wished to add new state law claims. In reaching

3

this conclusion, the Court is guided by our sister circuit and *Andela v. American Ass'n For Cancer Research*. 389 Fed. Appx. 137, 142 (3d Cir. 2010) ("The District Court was not obligated to draft a second amended complaint for [Plaintiff], and we cannot conclude that it erred in failing to refashion [Plaintiff's] legal theories.").

Appellant also argues that the Court should have looked to state common law because state law supplements 11 U.S.C. § 704. Appellant asserts that if the Court must look to state law to supplement federal law, then the issue is a non-core issue that cannot be heard by a bankruptcy court. As discussed below, the Court finds that this argument, misstates applicable Sixth Circuit authority.

Appellant also cites several cases to argue that this Court has ignored Sixth Circuit precedent. *See, e.g.*, *In re Cannon*, 277 F.3d 838, 846 (6th Cir. 2002). Not only do these new cases violate the local rules' prohibition against proffering new arguments that the movant could have brought up earlier, but Appellant herself, misapplies Sixth Circuit caselaw. For example, Appellant cites *In re Cannon* to argue that the Sixth Circuit has found that a breach of fiduciary duty claim is a non-core proceeding under 28 U.S.C. § 157(b)(2). 277 F.3d at 846. The Court does not dispute this assertion but finds that it misstates Sixth Circuit precedent.

The instant case is distinguishable from *In re Cannon*. To obtain maximum relief for the estate, the bankruptcy trustee, in *In re Cannon* sued several parties

that were not creditors. 277 F.3d at 846. The breach of fiduciary duty claim included defendants not involved with the bankruptcy that allegedly breached their fiduciary duty to the debtor. *In re Cannon*, 230 B.R. 546, 548-550; 587-589 (Bankr. W.D. Tenn. 1999), *amended in part*, 232 B.R. 701 (Bankr. W.D. Tenn. 1999), *rev'd*, No. 99-2605 G/A, 2000 WL 34400479 (W.D. Tenn. Mar. 31, 2000), *aff'd*, 277 F.3d 838 (6th Cir. 2002).

Since the bankruptcy court determined, from the case's inception, that the breach of fiduciary duty claim was a non-core proceeding, it never discussed why the claim was a non-core issue. *Id.* at 548. The Sixth Circuit eventually found that the trustee did not have standing to sue for breach of fiduciary duty because the victims of the debtor's misappropriations were not creditors of the estate, or they brought separate actions to recover their losses. *In re Cannon*, 277 F.3d at 846. Because the trustee's breach of fiduciary duty claim was not created by the bankruptcy, it "could exist outside of bankruptcy and [was] not inextricably bound to . . . a right created by the Bankruptcy Code." *In re DeLorean*, 155 B.R. 521, 525 (B.A.P. 9th Cir. 1993).

In support of her argument, Appellant asserts that, "it has been recognized/established in this circuit and in this district that a cause of action for 'breach of fiduciary duty' is a non-core claim." (emphasis omitted) [ECF No. 9, Pg.ID 160] Appellant, however, fails to provide any direct authority for that

5

assertion. Appellant's dearth of authority on this point, may be because the Sixth Circuit has on several occasions found that bankruptcy cases that involve state law issues are core proceedings. *See In re Lowenbraun*, 453 F.3d 314, 321 (6th Cir. 2006) (holding that the appellant's state-law defamation claim was a core proceeding because the claim would not exist "but for the bankruptcy proceeding").

The appellant in *In re Lowenbraun* argued that her state-law action was not a core proceeding because it did not involve estate matters and would "have no conceivable effect on estate administration." *Id.* at 320. The Sixth Circuit was not persuaded, finding that "the genesis of [appellant's] state-law action was the bankruptcy proceeding." *Id.* at 321. *In re Lowenbraun* explained that the contested actions giving rise to the complaint "would not have arisen but for Defendant's obligations and conduct as a trustee." *Id.* (quoting *In re Heinsohn*, 247 B.R. 237, 244 (E.D. Tenn. 2000)).

Similarly, *In re Lowenbraun* also discussed *In re DeLorean*. In *In re DeLorean*, the Bankruptcy Appellate Panel held that the state law malicious prosecution action was a "core proceeding" because it "ar[ose] from the efforts of officers of the estate to administer the estate and collect its assets and therefore impact[ed] the handling and administration of the estate." *DeLorean*, 155 B.R. at 525. The Ninth Circuit's reasoning applies to the instant case because here, the

breach of fiduciary duty claim arose from Trustee Samuel Sweet's ("Sweet") potential liability for allegedly mishandling matters directly related to the administration of the estate. As the Court explained in its previous Order, Appellant's claim is based on the argument that Sweet failed "to protect and preserve property of the Bankruptcy Estate for the benefit of the creditors." [ECF No. 8, Pg.ID 146] (quoting Adversary No. 19-03018, Doc #11). But for Sweet's actions stemming from the administration of the estate, there would be no claim.

Guided by Sixth Circuit precedent, the Court finds that it applied applicable legal standards when it issued its Order Denying Motion to Withdraw Reference and Administratively Closing Case and **DENIES** Appellant's Motion to Modify Interlocutory Order Regarding Withdrawal of Reference.

## III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Appellant's Motion to Modify/Alter/Amend Interlocutory Order Regarding Withdrawal of Reference [#9] is **DENIED**.

Dated: November 30, 2020

s/Denise Page Hood
Chief Judge, United States District